IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:11cr193-MHT |
| GREGORY SCOTT HARRIS | ) | (WO) |

## OPINION AND ORDER

This cause is before the court on defendant Gregory Scott Harris's motion to continue. For the reasons set forth below, the court finds that jury selection and trial, currently set for January 9, 2012, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. In pertinent part, The Act provides:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court considers, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Harris in a speedy trial.

Harris's counsel has sought a continuance because Harris may qualify for pretrial diversion, which would obviate the need for a trial all together. Allowing Harris the opportunity to apply for pretrial diversion, therefore, serves the ends of justice and Harris will not be prejudiced by such a delay. In addition, the government does not oppose a continuance.

***

Accordingly, it is ORDERED:

(1) Defendant Gregory Scott Harris's motion for continuance (Doc. No. 14) is granted.

(2) The jury selection and trial, now set for January 9, 2012, are reset for April 16, 2012, at 10:00 a.m. in Courtroom 2FMJ of the Frank M. Johnson, Jr. Federal

Courthouse Complex, One Church Street, Montgomery, Alabama 36104.

DONE, this the 21st day of December, 2011.

                                 /s/ Myron H. Thompson
                                UNITED STATES DISTRICT JUDGE